LEE *et al. v.* STANDARD MOTORS FINANCE CO. INC. *et al.*

ATKINSON, J. 1. Generally in passing upon the right of a defendant to remove a case from the State Courts to the Federal Courts under § 28 of the Judicial Code (5 Fed. Stat. Ann. (2d ed.) 16, § 28), the State court will look alone to the allegations of the original petition in the case; but if, after the defendant has filed a petition to the State court for removal of the cause pending in that court, the plaintiff appears and files an answer which admits facts alleged in the petition that are material upon the question of removal, or makes allegations of additional facts material to be considered on such question, the court will take into consideration the facts so admitted or alleged.

2. The substance of the record in this case shows a controversy between the plaintiffs, one of whom is a resident of this State and the other a resident of the Republic of Cuba, and certain defendants who are residents of the State of Louisiana. The controversy is as to existence of a debt, and validity of a deed purporting to convey realty located in Georgia as security for the debt, and validity of a power of sale contained in the deed; also as to the right of the non-resident defendants, as holders of the security deed, to enforce collection of the debt. The substantial matters involved are such as that all the rights between the plaintiffs and the non-resident defendants with respect thereto can be settled, and appropriate relief afforded by the Federal court, without the necessity of any other party.

(a) A resident defendant, who was merely seeking, by appointment of the non-resident defendants, to exercise a power of sale contained in the deed, the exercise of which power it was sought to enjoin, had no interest in the subject of controversy, and was not a necessary party in the Federal court to enable the plaintiffs to obtain in the State court all the substantial relief with respect to the property which they were seeking.

(b) The case differs on its facts from *Caro Realty Co.* v. *Blumenthal,* ante, 51, a suit to require production of papers and cancellation of a cloud upon title, in which one of the non-resident defendants, who did not join in the application for removal, held physical possession of the papers in the nature of a trust for plaintiff and his codefendant (the petitioner for removal), and would not surrender possession to the plaintiff after the purposes of the trust had been accomplished, without consent of his codefendant, and the latter would not give such consent.

---

Removal of Causes, 34 Cyc. p. 1255, n. 3; p. 1283, n. 35.

3. The judge did not err in granting the petition for removal.

*Judgment affirmed. All the Justices concur.*

No. 5873. FEBRUARY 25, 1928.

Removal of cause. Before Judge Strange. Bulloch superior court. January 25, 1927.

G. W. Lee of Bulloch County, Georgia, and his daughter Mrs. Sequel Lee Naylor, a non-resident of the State, instituted an equitable action in the superior court of said county against G. S. Johnston, trustee, a resident of said State and county, Standard Motors Finance Company Inc., a resident of the State of Louisiana, Mortgage and Securities Company, and Motor Liens Inc., the residence of the last two alleged to be unknown to the petitioners. The petition alleged that Johnston, trustee, under an alleged appointment of Motor Liens Inc., is advertising described realty for sale on the public sales day, before the court-house door of the county; that the sale is advertised to be under a power contained in a security deed executed by G. W. Lee to Standard Motors Finance Company Inc., and transferred successively to Mortgage and Securities Company and Motor Liens Inc.; that the sale refers to two tracts of land in which both petitioners have undivided interests, and to one tract which is the property of Lee alone; that Lee admits executing the security deed, but it is void because it was procured by specifically alleged acts of fraud by the agent of the grantee, as a part of a plan to procure the property of petitioners for payment of alleged debts of the husband of Mrs. Naylor, for which neither of the petitioners was in any way liable; that as a part of the said plan the agents of the grantee procured a deed to be executed by Mrs. Naylor to Lee, in order that he might convey her undivided interest in the land as security for the alleged debt, which deed is also void; that petitioners did not know the amount of the debt if any existed, nor do they know what amount if any remains unpaid; that all the facts above mentioned were known to the successive transferees of the security deed either actually or constructively, and they are bound in the same manner as the original grantee; that the advertisement of sale is insufficient and void, because it does not state the amount of the debt, nor does it properly describe prior outstanding security deeds which the purchaser must assume, nor does it state the particular tracts to which the prior encumbrances relate, and omits mention of a

particular outstanding security deed on one of the tracts. The prayers were (a) That Johnston, trustee, be enjoined from selling the land now or hereafter under the security deed. (b) That the respective deeds executed by the petitioners "be declared null and void." (c) That the holder of the security deeds and notes mentioned therein be required to bring the same into court for cancellation. (d) That the "defendants in this case" be required to discover what amounts have been paid on the alleged debt, and render an accounting. (e) For process, and for service by publication on the "non-resident defendants." The petition and process were duly served upon Johnston, trustee, who filed general and special grounds of demurrer to the petition; also an answer in which it was alleged that he is only a nominal party acting as trustee under an appointment of Motor Liens Inc., for the purpose of carrying out the terms of the security deed; that such appointment is only a special agency limited to the terms of the instrument of appointment; and that the court is without jurisdiction, because service has not been perfected upon any of the defendants against whom relief was prayed. Subsequently Standard Motors Finance Company Inc., Mortgage and Securities Company, and Motor Liens Inc. filed a petition to the superior court for removal of the suit from that court to the United States District Court for the Eastern Division of the Southern District of Georgia, and in connection with the petition filed a bond as provided by law. The petition alleged that the matters in dispute exceed the sum of $3000, exclusive of interest and cost; that petitioners are the only defendants at interest; that each is a separate corporation organized under the laws of the State of Louisiana, with its principal office in New Orleans; that G. W. Lee, is a resident of the State of Georgia, and Mrs. Naylor is a resident of the Republic of Cuba; that Johnston, trustee, is a resident of Georgia, but is a mere nominal, unnecessary party defendant, having no interest whatever in the subject-matter of the suit; that Johnston is not named as trustee in the security deed, "but merely acting as trustee by appointment of defendant Motor Liens Incorporated, for the purpose of foreclosure only under the general provisions of said deed, said appointment being only a limited or special agency, revokable at will, with right in Motor Liens Incorporated to revoke such appointment at any time and appoint a different trustee; the sole

*Hinton Booth,* for plaintiffs.

*Lewis A. Mills, Henry McAleer,* and *G. S. Johnston,* for defendants.